## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**NOLAN-LEE MONROE,**

      **Plaintiff,**              **CASE NO.:**

**vs.**

**NEOGENOMICS**
**LABORATORIES, INC., a**
**Florida Profit Corporation,**

      **Defendant.**

                               /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff NOLAN-LEE MONROE, by and through the undersigned attorney, hereby files this Complaint against Defendant NEOGENOMICS LABORATORIES, INC. (hereinafter "Defendant"), and in support of states as follows: for violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), and alleges the following:

## NATURE OF CASE

This is an action to remedy discrimination pursuant to the provisions of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301-4335. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), attorneys' fees and costs, any other relief to

which the Plaintiff is entitled including but not limited to equitable relief.

## JURISDICTION AND VENUE

1.     This is an action at law that raises a federal question under federal law.

2.     The Court has jurisdiction over this complaint pursuant to 28 U.S.C. § 1331 and 38 U.S.C. § 4323(b) as some or all of Plaintiff's claims alleged herein arise under federal law.

3.     The Court has jurisdiction over the subject matter of this action pursuant to the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §4301, *et seq.* ("USERRA").

4.     The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

5.     The events giving rise to the instant matter occurred in Lee County, Florida and is therefore, within the jurisdiction of this Court.

6.     Therefore, venue is proper in the Orlando Division of the United States District Court for the Middle District of Florida pursuant to 38 U.S.C. §4323(c)(2).

## PARTIES

7.     Plaintiff was an employee of Defendant, working as a Security Guard from July 8, 2024, until his unlawful termination on or about November 16, 2025.

2

8.    Plaintiff was employed by Defendant in Fort Myers, Lee County, Florida.

9.    Defendant employs more than fifty (50) employees.

10.    Plaintiff was an "employee" as defined.

11.    Plaintiff is a member of a class of individuals protected by law because he was discriminated against and retaliated against by his employer, NeoGenomics, Inc., due to his military status in the Florida Army National Guard.

12.    At all times pertinent hereto, Plaintiff has been a resident of the state of Florida and was employed by Defendant.

## FACTUAL ALLEGATIONS

13.    On or around July 8, 2024, Plaintiff was hired by NeoGenomics as a Security Guard and assigned to the Fort Myers campus.

14.    During his interview process with the Company, Plaintiff advised Defendant that he was a member of the Florida Army National Guard and may be called to active duty from time to time.

15.    Plaintiff performed his job well and had no performance or disciplinary issues.

16.    On March 24, 2025, because of his outstanding work and positive performance evaluation, Plaintiff received a pay increase.

17. Several months later, on September 29, 2025, Plaintiff was informed by the Florida Army National Guard that he was being called for active duty starting October 6, 2025.

18. Plaintiff notified his Manager, Christopher Cali and Human Resources Representative, Kimberly Houlihan, and provided them with a copy of his military orders.

19. A few days later, Plaintiff was directed to meet with Cali, Houlihan and Jose "Joe" Pereira, the Assistant Director.

20. During this meeting, Plaintiff was informed that he was being terminated.

21. Curiously, Plaintiff was advised by Houlihan that he could reapply for employment with the Defendant once his military obligations ended.

22. Plaintiff's employment with the Defendant ended on November 16, 2025.

23. Shortly thereafter, Plaintiff consulted with JAG Major Christopher Cusmano regarding his termination and Major Cusmano concluded that Plaintiff's termination was a violation of USSERA.

24. On November 16, 2025, Major Cusmano sent Defendant correspondence regarding its violation of Plaintiff's rights under USERRA.

4

25. As JAG Major Cusmano concluded, there is no question that the Defendant's termination of Plaintiff was because of his military obligations as a member of the Florida Army National Guard.

26. The sole reason for Defendant's termination of Plaintiff was his deployment obligations as a member of the Florida Army National Guard.

<u>**COUNT I**</u>
<u>**DISCRIMINATION IN VIOLATION OF THE**</u>
<u>**UNIFORMED SERVICEMEMBERS EMPLOYMENT AND**</u>
<u>**REEMPLOYMENT RIGHTS ACT**</u>

27. Plaintiff re-alleges and adopts the allegations of paragraph 1 through 26, above as if fully set forth herein.

28. Plaintiff was otherwise eligible, qualified, ready, and willing to train and maintain his employment with Defendant.

29. Defendant terminated Plaintiff in part due to his military obligations during deployment.

30. Plaintiff's membership, service and/or obligation for service in the United States Army was a motivating factor in the Defendant's termination of Plaintiff.

31. Plaintiff has lost wages and other economic benefits, as a direct and proximate result of Defendant's discriminatory actions.

32. Defendant's violations of USERRA were willful, because Defendants knew or perceived the risk that its termination of Plaintiff because,

in part, of his military service and/or unavailability due to service violated USERRA or Defendants showed reckless disregard for the matter of whether they terminated Plaintiff because, in part, of his military service and/or because of his unavailability due to service was prohibited by USERRA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Injunctive relief;

f.      Prejudgment interest;

g.      Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: <u>May 8, 2026</u>                          Respectfully submitted,

*/s/Anthony J. Hall*
Anthony J. Hall, Esq.
FL Bar No. 40924
THE LEACH FIRM, P.A.
1560 N. Orange Avenue, Suite 600
Winter Park, FL 32789
Telephone: (407) 574-4999

6

Facsimile: (321) 594-7316
Email: ahall@theleachfirm.com
Email: aperez@theleachfirm.com
***Attorneys for Plaintiff***