UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NOLAN-LEE MONROE,

Plaintiff,

v.

Case No. 2:26-cv-01561-KCD-KRH

NEOGENOMICS LABORATORIES, INC., A FLORIDA PROFIT CORPORATION;

Defendant,
_______________________________/

**ORDER**

Plaintiff Nolan-Lee Monroe sues his former employer, NeoGenomics Laboratories, Inc. (Doc. 28.)[1] Monroe claims he was fired for his military service in violation of the Uniformed Services Employment and Reemployment Rights Act. (*Id.* at 1-2.) NeoGenomics denies the charge, maintaining that Monroe's termination was part of a pre-planned reduction in force. (Doc. 33 at 2.)

Monroe wants to discontinue the case. He has thus moved for a voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2). (Doc. 32.) NeoGenomics does not object to the dismissal itself, but it asks the Court to impose certain conditions. Specifically, NeoGenomics wants Monroe to answer outstanding discovery requests, permit those responses to

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

be used in any future litigation, and restrict any refiled action to this district. (Doc. 33 at 6-7.)

Typically, a plaintiff may voluntarily dismiss his case without the court's permission. *See* Fed. R. Civ. P. 41(a)(1)(A). But once the defendant has filed an answer, like here, the procedural posture shifts. *See Wright v. Standard Ins. Co.*, No. 807-CV-1586-T-33MSS, 2008 WL 5070228, at *6 (M.D. Fla. Nov. 24, 2008). At that point, the plaintiff loses the power to walk away. Instead, he must ask for permission. *See Tanious v. Gattoni*, No. 3:22-CV-217-TJC-MCR, 2022 WL 17104936, at *1 (M.D. Fla. Nov. 22, 2022). Under Rule 41(a)(2), an action may be dismissed at this stage "only by court order, on terms that the court considers proper." *Id.*

Rule 41(a)(2) "is not to be employed without consideration of the defendant." *Wright*, 2008 WL 5070228, at *6. "The purpose of the rule is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *McCants v. Ford Motor Co.*, 781 F.2d 855, 856 (11th Cir. 1986). "In exercising its broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1256 (11th Cir. 2001).

The conditions NeoGenomics seeks to attach to the dismissal are a bridge too far. Forcing Monroe to answer discovery after the suit has been dropped would be an exercise in futility. It's not as if NeoGenomics will lose the benefit of its labor. If Monroe decides to refile this case, NeoGenomics can serve the same discovery and proceed forward. The fear of "potential spoliation" fares no better. (Doc. 33 at 7.) Standard preservation duties do not evaporate once this case is dismissed. Monroe remains legally obligated to preserve relevant evidence if he intends to refile. *See St. Cyr v. Flying J Inc.*, No. 3:06-CV-13-33TEM, 2007 WL 1716365, at *3 (M.D. Fla. June 12, 2007) ("[A] litigant is under a duty to preserve what it knows, or reasonably should know, is relevant [to litigation or potential litigation.]"). And a speculative fear that he might flout those duties does not justify keeping discovery alive in a dead case.

As for the venue restriction, this is not a case where Monroe is trying to evade an adverse ruling or forum shop. *Cf. Versa Prods., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1327-29 (11th Cir. 2004). The Court sees no reason to micromanage a hypothetical second lawsuit when this one is ending in its infancy and without any apparent prejudice to NeoGenomics.

Monroe's motion to dismiss this case without prejudice under Rule 41(a)(2) is thus **GRANTED**. (Doc. 32.) And because NeoGenomics will suffer no clear legal prejudice from a standard dismissal, its requested conditions

are denied. (Doc. 33.) The case is **DISMISSED WITHOUT PREJUDICE**. The clerk is directed to terminate all remaining deadlines and close the file.

**ORDERED** in Fort Myers, Florida on October 28, 2026.

Kyle C. Dudek
United States District Judge